IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
Civil Action No. 1:20-CV-00418

JERRY E. PANNACHIA, III,

    Plaintiff,

vs.                      ANSWER

CITY OF DURHAM,

    Defendant.

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant City of Durham (hereinafter referred to as the "City") by and through its undersigned attorney, Anna Davis, Assistant City Attorney, and responds to Plaintiff's Complaint as follows:

1. Denied.

2. The City is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore, denies the same.

3. It is admitted that the City is a municipal corporation organized and existing under the laws of the State of North Carolina and has such attributes, characteristics, powers, functions, rights, privileges,

immunities, duties, and obligations prescribed by law, including, but not limited to, those set forth in N.C. Gen. Stat. §§ 160A-1 *et seq*.

4. Paragraph 4 calls for a legal conclusion that requires no answer of the City, but it is nevertheless denied.

5. Paragraph 5 calls for legal conclusion that requires no answer of the City, but it is nevertheless denied.

6. Paragraph 6 calls for a legal conclusion that requires no answer of the City, but it is nevertheless denied.

7. Paragraph 7 calls for a legal conclusion that requires no answer of the City, but it is nevertheless denied.

8. Paragraph 8 calls for a legal conclusion that requires no answer of the City, but it is nevertheless denied.

9. Admitted.

10. Denied.

11. Admitted.

12. Denied.

13. Denied.

14. Admitted that Plaintiff spoke with Kevin Lilley, but the remainder of Paragraph 14 is denied.

15. Admitted that Kevin Lilley phoned Cheryl Warrant, but the reminder of Paragraph 15 is denied.

16. Admitted that the parties mentioned in Paragraph 16 participated in an in-person meeting on or about May 2, 2018, but the remainder of Paragraph 16 is denied.

17. Denied.

18. Admitted that Defendant terminated Plaintiff on June 18, 2018, but the remainder of Paragraph 18 is denied.

19. Denied

20. The foregoing admissions, denials, and responses are incorporated herein by reference.

21. Denied.

22. Denied.

23. Denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

By pleading the following defenses, as provided for pursuant to Rule 8 (c) of the Federal Rules of Civil Procedure, Defendant does not concede that is possesses or assumes the burden to prove each or any of them. Defendant maintains that Plaintiff retains the burden of proof on all matters necessary to state and sustain the claims asserted in the Complaint.

## FIRST DEFENSE

Plaintiff has failed to state a claim on which relief may be granted.

3

## SECOND DEFENSE

At all times relevant to this action, the City through its employees, officers and agents, acted in good faith with respect to Plaintiff and in the reasonable belief that their actions were lawful and did not violate Plaintiff's rights.

## THIRD DEFENSE

Plaintiff has failed to comply with the time limits for pursuing administrative remedies for a hostile work environment complaint.

## FOURTH DEFENSE

The City asserts all immunities, including, but not limited to, sovereign and governmental immunity.

## FIFTH DEFENSE

Plaintiff was at all times an at-will employee of the City of Durham and possessed no property interest in continued employment.

## SIXTH DEFENSE

The City asserts that, based on the after-acquired evidence doctrine, it would have terminated the Plaintiff due to his own misconduct discovered after his termination.

## SEVENTH DEFENSE

4

Under established state and federal law, the City cannot be liable for punitive damages.

## Statement of Non-Waiver of Defenses

The City's assertion of a defense is not intended to be a waiver of any other defense.

## Reservation of Additional Defenses

The City reserves the right to plead additional defenses that become known through research, investigation, discovery, or otherwise

WHEREFORE, the City, having fully responded to Plaintiff's complaint, respectfully prays the Court as follows:

1. That Plaintiff's complaint, or certain of the purported claims asserted therein, be dismissed with prejudice.

2. That Plaintiff recover nothing from the Defendant City of Durham and that all of Plaintiff's requests for relief be denied.

3. That the costs of this action, including attorneys' fees, be taxed against the Plaintiff.

4. For a trial by jury.

5. For such other and further relief as is just and proper.

Respectfully submitted this the 23rd day of July, 2020.

OFFICE OF THE DURHAM CITY ATTORNEY

By: <u>*/s/Anna M. Davis*</u>
Anna M. Davis
North Carolina State Bar No. 41195
Assistant City Attorney
Attorney for Defendant
101 City Hall Plaza 2nd Floor
Durham, North Carolina  27701
Telephone: (919) 560-4158
Facsimile: (919) 560-4660
anna.davis@durhamnc.gov

6

# CERTIFICATE OF SERVICE

I, Anna M. Davis, do hereby certify that I electronically filed the foregoing **ANSWER** using the CM/ECF system which will send notification of such filing to the following:

>Jason S. Chestnut
>North Carolina State Bar No. 52066
>Phillip J. Gibbons
>North Carolina State Bar. No. 50276
>Craig L. Leis
>North Carolina State Bar. No. 48582
>Gibbons Leis
>14045 Ballantyne Corporate Pl.
>Ste. 325
>Charlotte, NC 28277
>Telephone: (704) 612-0038
>E-Mail: jason@gibbonsleis.com
>E-Mail: craig@gibbonsleis.com
>Email: phillp@gibbonsleis.com
>*Attorneys for Plaintiff*

This the 23rd day of July, 2020.

>OFFICE OF THE DURHAM CITY ATTORNEY
>
>By: */s/Anna M. Davis*
>Anna M. Davis
>North Carolina State Bar No. 41195
>Assistant City Attorney
>Attorney for Defendant
>101 City Hall Plaza 2nd Floor
>Durham, North Carolina 27701
>Telephone: (919) 560-4158
>Facsimile: (919) 560-4660
>anna.davis@durhamnc.gov