IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JERRY E. PANNACHIA, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20cv418 |
| | ) | |
| THE CITY OF DURHAM, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff, Jerry Pannachia, III, initiated this action on May 11, 2020, against Defendant, the City of Durham ("the City"), his former employer. (ECF No. 1 at 1.) Plaintiff's Complaint alleges a single claim of retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (*Id.* at 1, 4.) Before the Court is Defendant's Motion to Dismiss [Plaintiff's] Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 6.) For the reasons discussed herein, Defendant's motion will be denied.

I.  **BACKGROUND**

Plaintiff, a Caucasian male, was employed as a senior laborer in the General Services Landscape Division of the City. (ECF No. 1 ¶ 11.) Plaintiff alleges that, in or about mid or late April 2018, he heard a fellow senior laborer state that he "hated Black guys," "did not want to work with Black guys," hoped that the City did not hire any more Black people because they are lazy, and that he didn't want to work with the Black supervisor. (*Id.* ¶ 13.) Plaintiff made his supervisor aware of these statements and was subsequently called into a meeting on

May 2, 2018, with several other employees, including the employee who allegedly made the disparaging statements. (*Id.* ¶¶ 14, 16.) Plaintiff alleges that during this meeting, the employee admitted to making certain racially related statements. (*Id.* ¶ 17.) Less than two months after Plaintiff reported this information to his supervisor, on June 18, 2018, Plaintiff's employment was terminated by the City. (*Id.* ¶ 18.) Plaintiff alleges that he was advised that he was being terminated because he was not meeting performance standards even though he had not "received any disciplinary warnings or otherwise told that his performance was deficient during his employment." (*Id.*)

On July 25, 2018, Plaintiff filed a charge of discrimination based on retaliation in violation of Title VII with the United States Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 10.) The EEOC issued its determination on May 14, 2019, "finding reasonable cause to believe that Defendant violated Plaintiff's Title VII rights by terminating his employment in retaliation for reporting racial discrimination." (*Id.*) On February 7, 2020 the EEOC issued Plaintiff a Notice of Right to Sue. (*Id.*) Plaintiff then filed the instant lawsuit seeking compensatory and punitive damages, as well as declaratory relief. (*Id.* at 4–5.)

In support of its motion to dismiss Plaintiff's complaint, Defendant argues that Plaintiff has not pleaded sufficient facts to demonstrate that he was subjected to a hostile work environment. (ECF No. 7 at 4–6.) Defendant also argues that Plaintiff has not pleaded sufficient facts to state a claim for retaliation because he has not alleged facts to satisfy the third element of his retaliation claim—a causal link between the protected activity and employment action—because he failed to allege that the person who terminated him knew of his protected activity. (*Id.* at 6–7.)

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) "challenges the legal sufficiency of a complaint," including whether it meets the pleading standard of Rule 8(a)(2). *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), thereby "giv[ing] the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In assessing a claim's plausibility, a court must draw all reasonable inferences in the plaintiff's favor. *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013).

A claim is plausible when the complaint alleges facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "mere conclusory and speculative allegations" are insufficient, *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013), and a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments," *Vitol*, 708 F.3d at 548 (quoting *Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006)). A complaint may fail to state a claim upon which relief can be granted in two ways: first, by failing to state a valid legal cause of action, *i.e.*, a cognizable claim, *see Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012); or second, by failing to allege sufficient facts to support a legal cause of action, *see Painter's Mill Grille*, 716 F.3d at 350.

**III.    DISCUSSION**

At the outset, while Defendant argues at length that Plaintiff has not pleaded sufficient facts to support a hostile work environment claim, the Court finds that the sole claim upon which Plaintiff seeks relief in his Complaint is one of retaliation. Therefore, the Court will only analyze whether Plaintiff has sufficiently stated a retaliation claim.

Under Title VII of the Civil Rights Act of 1964, it is unlawful for an employer to discriminate against an employee because he opposed any employment practice made unlawful by the subchapter. 42 U.S.C. § 2000e-3(a). However, before a plaintiff files suit under Title VII, he must exhaust his administrative remedies, which requires that he first file a charge with the EEOC. *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). Here, Plaintiff alleged that he has exhausted his administrative remedies with respect to his Title VII retaliation claim in that he filed a Charge of Discrimination against Defendant with the EEOC and received a Right to Sue Notice. (ECF No. 1 ¶ 10.) Defendant, in its brief, acknowledges exhaustion by Plaintiff, (s*ee* ECF No. 7 at 1), and the Court finds that Plaintiff has satisfied this procedural pre-requisite. *See Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1850–51 (2019).

To establish a prima facie case of retaliation under Title VII, Plaintiff must allege that: (1) he engaged in a protected activity; (2) he suffered an adverse employment action at the hands of the employer; and (3) a causal link exist between the protected activity and the employment action. *See Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30 (2012). "[W]hile a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, . . .

[Plaintiff's] factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations and internal quotations omitted).

Here, as argued by Plaintiff, Defendant in its brief does not contest that that Plaintiff engaged in protected activity when he made complaints to his manager and human resources about racially discriminatory statements made by a coworker or that Plaintiff was subjected to an adverse employment action when his employment was terminated as alleged in Plaintiff's complaint. (*See* ECF Nos. 7 at 6–7; 9 at 3–4.) Rather, of the three elements necessary to state a claim for retaliation, Defendant contests only whether Plaintiff has alleged sufficient facts to satisfy the third element—a causal link between the protected activity and employment action. (*See* ECF No. 7 at 6–7.)

With respect to the third element, Defendant argues that "Plaintiff has alleged no facts that the person who terminated him knew of his protected activity." (*Id.* at 7.) Defendant cites *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653 (4th Cir. 1998), in support of the proposition that a plaintiff must allege that the decisionmaker was aware of the protected activity to sufficiently state a claim for retaliation under Title VII. However, this Court does not find *Dowe* applicable to, or persuasive, at the motion to dismiss stage.

In *Dowe*, the plaintiff alleged retaliatory termination in response to her filing an EEOC complaint. 145 F.3d at 656. However, on summary judgment, the Fourth Circuit found that the plaintiff's supervisor was unaware that an EEOC complaint had been filed, and thus granted summary judgment against the plaintiff. *Id.* at 657. Because "an employer cannot take action because of a factor of which is it unaware, the employer's knowledge that the plaintiff engaged in a protected activity is absolutely necessary to establish the third element of the

5

prima facie case." *Id.* Despite offering the Fourth Circuit's conclusion in *Dowe* which is specific to the facts before it, the Court has not located, nor has Defendant provided, any authority, caselaw or otherwise, that suggests that the Fourth Circuit has explicitly incorporated a knowledge element to state a claim for relief for retaliation generally. Moreover, the court in *Dowe* dealt with plaintiff's requirement at the summary judgment stage to make out a prima facie case for retaliation. As noted above, however, a plaintiff is not required at the motion to dismiss stage to plead a prima facie case, rather it need only raise a right to relief above a speculative level.

In the instant matter, Plaintiff did not allege that any specific individual terminated his employment, rather he alleged that his employer, *the City,* unlawfully "[terminated] his employment after [he] reported and objected to a [co-worker's] racially discriminatory comments." (ECF No. 1 ¶¶ 1, 21; *see also id.* ¶ 19.) Plaintiff further alleged that his termination was communicated to him by his Crew Chief, not that his crew chief fired him or that the crew chief was the decision maker in this case. (*See id.* ¶ 18.) In addition, Plaintiff alleges that his employment was terminated a month and a half after his protected conduct and that this temporal proximity is sufficient to allege a causal connection between his activity and the adverse action. (*Id.* ¶¶ 16, 18.) This allegation aligns with a previous ruling by the Fourth Circuit that a ten-week gap between protected activity and termination was sufficient to establish a causal link needed to make a claim of retaliation under Title VII at the summary judgment stage. *See King v. Rumsfeld,* 328 F.3d 145, 151 & n.5 (4th Cir. 2003) (concluding that ten weeks between protected activity and adverse employment action "gives rise to a sufficient inference of causation to satisfy the prima facie requirement". However, the court did note

that "[t]his length of time ... is sufficiently long so as to weaken significantly the inference of causation between the two events."); *see also Silva v. Bowie State Univ.*, 172 F. App'x 476, 478 (4th Cir. 2006). As this is the motion to dismiss stage of the proceeding, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Court finds, therefore, that Plaintiff has satisfied the third element of his retaliation claim by sufficiently alleging that the temporal proximity between his protected activity and the subsequent adverse employment action was close enough to warrant an inference of connection at this stage.

The Court concludes that Plaintiff has alleged sufficient facts to establish a plausible claim for relief as to his Title VII claim of retaliation. Accordingly, Defendant's motion to dismiss will be denied.

For the reasons stated herein, the Court enters the following:

**ORDER**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Plaintiff's] Complaint, (ECF No. 6), is DENIED.

This the 3rd day of March 2021.

/s/ Loretta C. Biggs
United States District Judge